**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CADERRICK HEARD                                                                    PLAINTIFF
#2850350

v.                                             4:25-cv-01092-DPM-JJV

KYLE HARSHBERGER,
Corporal, Faulkner County Detention Center                           DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      INTRODUCTION**

Plaintiff Caderrick Heard has filed this *pro se* § 1983 action alleging that on September 4, 2025, Defendant Corporal Kyle Harshberger used excessive force against him, subjected him to inhumane conditions by forcing him to sit on a bench in full restraints, and denied him medical care for his injuries while he was confined in the Faulkner County Detention Center (FCDC). (Doc. 4.)  Defendant has filed a Motion for Summary Judgment arguing he is entitled to dismissal because Plaintiff failed to properly exhaust his administrative remedies.  (Docs. 15-17.)  Plaintiff has filed a Response.  (Doc. 20.)  And Defendant has filed a Reply.  (Doc. 22).  After careful

review and consideration, I recommend the Motion be granted, Plaintiff's claims be dismissed without prejudice, and this case be closed.

## II.     SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).   The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.   *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).   In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III.    DISCUSSION

### A.      Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) provides, in part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily

resolved, and improving litigation that does occur by leading to the preparation of a useful record."

*Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.* The only exception is if administrative remedies are unavailable. 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies). Administrative remedies are "unavailable" if, for instance: (1) the grievance procedure "operates as a simple dead end;" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016); *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

### B.    FCDC's Grievance Procedure

FCDC Policy 316 is a three-step grievance procedure that is also summarized in the Inmate Handbook on the jail's kiosk. (Docs. 17-1; 17-4; 17-5.) First, a detainee must verbally discuss the issue with the unit officer. (Doc. 17-4 at 1.) Second, if that does not resolve the matter, a detainee must file an electronic grievance on the kiosk within fifteen days of the incident or a paper

grievance if the kiosk is not working.[1]  (*Id*.)  The grievance must raise only one issue and state what corrective action is being sought.  (*Id*. at 2.)  The response is due within ten working days, unless the grieved matter is deemed an emergency.  (*Id*.)  Third, the detainee must appeal the response or lack thereof within ten working days of receiving an answer to their grievance.  (*Id*. at 3).  And the unit lieutenant's decision ends the process. (*Id*.)

### C.      Evidence

The parties agree #39086392 is the only relevant grievance Plaintiff filed about the allegations raised in this lawsuit.  (Docs. 17-1, 20).   The print-out of that grievance Plaintiff filed on the kiosk appears as follows:

| 9/9/2025 | 39086392 Caderrick Heard | | Closed | |
|---|---|---|---|---|
| 9/9/2025 | Submitted by Caderrick Heard on 9/9/2025 12:38:52 PM | | | Caderrick Heard |
| 9/9/2025 | on september the 4th officer kyle harshberger made a attempt to restrain me for what he said for having my hand in my pants when everybody around me had they hands in they pants and he asked me to take the towel off my head which i did while making a statement on how I felt about being single out then he proceeded to restrain me upon doing so he pressed my head against the wall twice smashing my teeth against the wall breaking a few and loosening the rest im writing this to whom it may concern at the faulkner county sheriff office/ detention center i will like to file charges because that was unecessary roughness | | | Caderrick Heard |
| 9/9/2025 | Assigned to Grievance Unit2 by Caderrick Heard on 9/9/2025 12:38:52 PM | | | Caderrick Heard |

---

[1] Policy 316 says the grievance must be filed "within fifteen (15) days of the incident or occurrence."  (Doc. 17-4 at 1.)  In contrast, the Inmate Handbook says the grievance must be filed "within ten (10) days of the incident or occurrence."  (Doc. 17-5 at 1).  However, that is not an issue in this case because it is undisputed Plaintiff filed a grievance five days after the incident.

| 9/10/2025 | Accepted by Sgt. Humphrey F307 on 9/10/2025 7:35:22 AM | Sgt. Humphrey F307 |
| 9/10/2025 | This is being reviewed | Sgt. Humphrey F307 |
| 9/10/2025 | Assigned to None by Sgt. Humphrey F307 on 9/10/2025 7:35:22 AM | Sgt. Humphrey F307 |
| 9/10/2025 | Closed by Caderrick Heard on 9/10/2025 8:39:19 AM | Caderrick Heard |

(Doc. 17-3 at 10-11).

Defendant Harshberger says he is entitled to summary judgment because Plaintiff failed to appeal the denial of #39086392, as he was required to do by the jail's grievance procedure. In his unsworn Response, Plaintiff says there was no way to appeal to the next level on the kiosk. (Doc. 20.) In a sworn affidavit, the current Jail Administrator explains a grievance remains "open" on the kiosk until it is "closed" by the FCDC staff or inmate. (Doc. 22-1.) Here, the provided records demonstrate #39086392 was "closed" by Plaintiff on September 10, 2025. (Doc. 17-3 at 10-11.) According to the Jail Administrator, a closed grievance cannot be reopened. (Doc. 22-1.) Instead, the Jail Administrator explains:

> 5.    In order to appeal an answer to a grievance in which the grievance was closed, an inmate is required to submit a new grievance referencing the answer to the grievance that he or she wishes to appeal.
>
> 6.    The new appeal grievance would then be assigned to the next person in the chain of command, the unit lieutenant.
>
> 7.    If an inmate completes these steps in compliance with the FCDC grievance procedure, the inmate will have appealed the answer to his or her grievance.

(Doc. 22-1.) In other words, if Plaintiff wanted to challenge the response to grievance #39086392, he should not have "closed" and appealed within ten working days. However, once Plaintiff closed the grievance, if he wanted to pursue the matter further he could have filed a new grievance, which he undisputedly did not do. Finally, I note from Plaintiff's grievance records that he did have

5

access to the kiosk when he should have been filing a new appeal grievance in September or October 2025.  (Doc. 17-3 at 1, 9-13, 17-18, 20-21).  As pointed out by Defendant in his Reply: "By closing the grievance and failing to submit another grievance appealing the answer to grievance no. 39086392, neither Defendant nor any FCDC staff were put on notice about Plaintiff's alleged dissatisfaction with the answer to grievance no. 39086392 until he filed suit." (Doc. 22 at 2.)  Because Plaintiff failed to fully exhaust his available administrative remedies, I conclude Defendant Harshberger is entitled to summary judgment.  *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when a prisoner did not complete the final stage of grievance process); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (to satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.  To the contrary, the Eighth Circuit has explained the critical role the exhaustion process plays as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford v. Ngo,* 548 U.S. 81, 89 (2006) ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's]

procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 15) be GRANTED, Plaintiff's claims against Defendant Harshberger be DISMISSED without prejudice, and this case be CLOSED.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this Recommendation would not be taken in good faith.

DATED this 29th day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE